People v Shadwick (2025 NY Slip Op 50980(U))

[*1]

People v Shadwick

2025 NY Slip Op 50980(U)

Decided on June 12, 2025

Supreme Court, Erie County

Boller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 12, 2025
Supreme Court, Erie County

The People of the State of New York

against
Shariff Shadwick, Defendant

Indictment No. 72685-22/001

Michael J. Keane, Esq.
District Attorney, Erie County
Frank A. Strano &
Nicholas Marino, A.D.A.s
for the People
Robert M. Goldstein, Esq. &
Florina Altshiler, Esq.
for defendant

M. William Boller, J.

The defendant is charged with Attempted Murder in the First Degree, Attempted Assault in the First Degree and Criminal Possession of a Weapon in the Second Degree by way of indictment. The defendant was initially arrested on July 24, 2022 and arraigned on a felony complaint the following day, July 25, 2022. The defendant was subsequently indicted by an Erie County Grand Jury and arraigned on the indictment on September 16, 2022. The People filed their initial Certificate of Compliance and statement of readiness on September 22, 2022. The defendant filed their initial omnibus motion on February 4, 2023, with the People responding on February 8, 2023. As the case progressed, the People filed numerous additional supplemental Certificates of Compliance. Of note, on July 17, 2023, the People filed a supplemental Certificate of Compliance which contained Erie County CPS Lab report #3 as well as additional information concerning firearms examiner Cody McKellar. Due to Court availability, the case was transferred to another judge and a jury trial was scheduled on two separate occasions, both halting due to issues at jury selection. Additional motions concerning Criminal Procedure Law 30.30 were filed by the defense and argued before the various courts. This trial has now [*2]commenced, with jury selection beginning on June 6, 2025. Proof began on June 10, 2025.
On June 11, 2025, the defense filed a motion (during the course of the trial), seeking to preclude Cody McKellar from testifying that the recovered bullets came from the recovered firearm. In the alternative, the defense seeks a Frye hearing on the admissibility of the evidence. The primary issue was the potential testimony of Cody McKellar as to his conclusions concerning the recovered fired cartridge casings and recovered pistol.
The People have opposed the motion. The People argue the motion is untimely and further, the analysis used in this case is not novel under Frye, is routinely admitted in New York courts and the issue raised by the defense goes to the weight, not admissibility of the evidence.
First, this motion is untimely in all respects. The defense has been in possession of the CPS Lab report, the testing notes and information on firearms examiner Cody McKellar since July 17, 2023. Subsequent to that date, two prior trials were scheduled and it appears motions-in-limine were argued prior to the commencement of the trial. Prior to the start of the current trial, both parties filed motions seeking various relief. Those motions were argued in court and written arguments were submitted. The first time the preclusion of this expert testimony has been addressed by the defense is during the middle of the trial. 
Criminal Procedure Law §255.20(1) states, "Except as otherwise expressly provided by law, whether the defendant is represented by counsel or elects to proceed pro se, all pre-trial motions shall be served within forty-five days of arraignment and before commencement of trial, or within such additional time as the court may fix upon application of the defendant made prior to entry of judgement." The statute also states, under subdivision three, "Notwithstanding the previous subdivisions one and two hereof, the court must entertain and decide on its merits, at anytime before the end of the trial, any appropriate pre-trial motion based upon ground of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised within the period specified in subdivision one..." This Court acknowledges the information concerning the ballistic comparison was not provided until July 17, 2023 (likely due to the scientific testing having not been completed and therefore the information was not in existence). Due to the date of disclosure, CPL §255.20(3) would be relevant and the defense would have additional time to file any motions concerning the ballistic testing. The statute specifically references due diligence by the defense, a term generally attributable to the People in their discovery duties. The defense has offered no explanation how in twenty-three months, with the exercise of due diligence, the issue of precluding certain testimony or requesting a Frye hearing could not have been raised.
Nowhere in the defendant's motion is there any explanation for the delay in filing this motion and seeking such relief. For twenty three months the defense was in possession of who the potential witness would be and what he would potentially testify to concerning ballistic comparisons. The defense could have supplemented their initial omnibus motion after receiving the supplemental Certificate of Compliance and requested a Frye hearing (as other pre-trial hearings were conducted in this case). The defense could have raised this issue during their motion-in-limine prior to the first scheduled trial. The defense could have raised this issue during their motion-in-limine prior to the second scheduled trial. Finally, the defense could have raised this issue during the motion-in-limine prior to the trial that is currently being conducted. The defense choose not to, or decided to use the late motion as a trial strategy. 
Ultimately, the defense has had twenty three months since the receipt of the CPS Lab report to request preclusion or a Frye Hearing. Further, there were two other trials scheduled on this matter in which motions were heard and yet this motion was never filed. As the motion is untimely in all respects without any explanation or reasoning for the late filing, the defendant's motion is DENIED.
HONORABLE M. WILLIAM BOLLER
ACTING SUPREME COURT JUSTICE
DATED: June 12, 2025
BUFFALO, NEW YORK